UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BEN L. RIDINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-585 |
| ) | (Shirley) |
| STATE OF TENNESSEE (TDOT), CITY ) | |
| OF ROCKWOOD, ROCKWOOD ) | |
| AVIATION, LLC, and DANNY COLLINS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 23]. The Court heard oral argument on several pending motions on September 19, 2006.

**I.     Defendants' Motions to Dismiss**

   **A.     Procedural History**

On December 27, 2005, the plaintiff Ben L. Ridings, proceeding *pro se*, filed a complaint [Doc. 1] entitled "Breach of Contract." In his complaint, the plaintiff seeks compensation for labor he performed on behalf of the defendants. Specifically, the plaintiff seeks the following relief: (1) the enforcement of "the contract obligations for satisfactory completion of the labor . . ."; (2) the enforcement of "the verbal contract between plaintiff and Rockwood Aviation, LLC (Danny

Collins), for fifty (50) percent ownership of Rockwood Aviation, LLC . . ."; and (3) an award of punitive damages in the amount of $27,000,000.00 against all of the defendants for their "violat[ing] the fragile public trust of our government officials . . . ." [Doc. 1].

The plaintiff asserts in his Complaint that jurisdiction is proper "in that the State [is] a party to the complaint, [and] federal grants exist[] funding the [Rockwood Muncipal Airport], along with a dispute of proper review of the administration of these funds exists." [Id.].

The defendants City of Rockwood, Rockwood Aviation, LLC, and Danny Collins ("the Rockwood Defendants") move to dismiss the plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the Court lacks subject matter jurisdiction because the cause of action asserted by the plaintiff does not require a determination of a substantial question of federal law, and the basis for diversity jurisdiction does not exist. [Doc. 10].

The defendant State of Tennessee also moves to dismiss the plaintiff's Complaint, arguing: (1) that there is a lack of subject matter jurisdiction based on either diversity of citizenship or arising from a federal question; (2) that there is a lack of personal jurisdiction because the State of Tennessee has not consented to be sued on this matter and has not waived its Eleventh Amendment immunity; (3) that the Complaint fails to state a claim upon which relief can be granted, as the plaintiff has failed to allege the existence of a valid contract with the State, and further, that the Tennessee Claims Commission has exclusive jurisdiction over contractual claims against the State. The State of Tennessee further moves the Court to strike the plaintiff's request for punitive damages pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. [Doc. 13].

The plaintiff opposes both motions, arguing that federal questions and constitutional issues exist in this case. Specifically, the plaintiff asserts that "[o]ne of the most fundamental rights

granted by the US Constitution is the Right to Labor," and that a constitutional issue exists in this case because "payment for labor is an integral part of the constitutional right to labor." [Doc. 16].

The plaintiff subsequently filed a supplemental response entitled "New Evidence," which asserts that the plaintiff has discovered new evidence, in the form of an attached newspaper article, which allegedly shows "the type of failure of the review by the State (TDOT) to require the actions of the administration of the Rockwood Municipal Airport to meet the obligations of the State and Federal Grants." In this pleading, the plaintiff requests the Court to issue a temporary injunction, stopping the sale of the Rockwood Municipal Airport property until the plaintiff's claim is resolved. [Doc. 17].

The Rockwood Defendants move to strike the plaintiff's supplemental pleading [Doc. 17] on the grounds that the plaintiff's request for injunctive relief is improper, and that the material attached to the supplemental pleading is immaterial to this cause of action. [Doc. 18]. The plaintiff has filed a response [Doc. 22], opposing the defendants' motion to strike.

Both of the motions to dismiss filed by the defendants assert as a grounds for dismissal the lack of subject matter jurisdiction. Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The plaintiff asserts that this case presents a "federal question" pursuant to 28 U.S.C. § 1331 because the plaintiff's constitutional right to labor is implicated by his breach of contract claim.

The Court disagrees. "Breach of contract actions . . . do not implicate due process rights or involve constitutionally protected property rights." Clapp v. LeBoeuf, Lamb, Leiby & MacRae, 862 F. Supp. 1050, 1058 (S.D.N.Y. 1994), aff'd, 54 F.3d 765 (2d Cir. 1995). The plaintiff

3

seeks redress for what he alleges was a breach of contract. Such a claim does not invoke the subject matter jurisdiction of 28 U.S.C. § 1331. Furthermore, at the motion hearing, the plaintiff conceded that his claim did not arise out of a federal statute or treaty, and he eventually conceded that there was no express "right to labor" in the United States Constitution. Accordingly, the Court finds that the plaintiff's complaint must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

Federal district courts also have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different States. 28 U.S.C. § 1332. The plaintiff has not asserted that this is a diversity case, nor does it appear from the pleadings that the case would meet the criteria for diversity jurisdiction. Furthermore, at the motion hearing, the plaintiff conceded that there was no diversity among the parties and that he was not claiming that this Court has diversity jurisdiction. Accordingly, the plaintiff cannot establish federal subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

For these reasons, the Court finds that the defendants' Motions to Dismiss [Docs. 10, 13] are well-taken and are therefore **GRANTED**.

## II. Conclusion

The plaintiff has stated, at best, a state common law claim for breach of contract. This Federal Court does not have subject matter jurisdiction under 28 U.S.C. § 1331 or § 1332 of such a claim. Accordingly, the Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 10] filed by the Rockwood Defendants is **GRANTED**, and the Motion to Dismiss [Doc. 13] filed by the defendant State of Tennessee is **GRANTED.** The plaintiff's claims are hereby **DISMISSED**.

Because the plaintiff's claims are dismissed, the plaintiff's request for temporary injunction [Doc. 17], the Rockwood Defendants' Motion to Strike [Doc. 18], and the plaintiff's Motion for Discovery [Doc. 21] are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge